**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MIGUEL MENDEZ,** *Plaintiff* | § § | |
| **v.** | § § | **No. 1:26-cv-00182-ADA-SH** |
| **HAYS COUNTY, TEXAS,** *Defendant* | § § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE DISTRICT COURT**

Before the Court are Defendant's Rule 12(b)(6) Motion to Dismiss, filed March 2, 2026 (Dkt. 6); Plaintiff's Response in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss and Motion for Leave to Amend Complaint, filed May 16, 2026 (Dkt. 7); and Defendant's Reply, filed March 23, 2026 (Dkt. 9).[1]

## I. Background

Plaintiff Miguel Mendez brings this employment discrimination suit against his former employer, Defendant Hays County, Texas, alleging violations of the Family and Medical Leave Act ("FMLA") and the Texas Commission on Human Rights Act ("TCHRA"). Complaint, Dkt. 1.

### A. Allegations

Mendez alleges: He worked as a Tax Deputy for the County from October 2016 through February 8, 2024. *Id.* ¶¶ 5-6. Mendez has diabetes and informed his manager in October 2023 that "he would have to miss some work because of doctor appointments for various forms of testing to

[1] The Honorable Alan D Albright (ret.) referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and his Standing Order on referrals to United States Magistrate Judges.

make a plan of action for treatment of his diabetes and neuropathy that had developed." *Id.* ¶ 7. On February 8, 2024, his manager informed Mendez that the County was "giving him the option of resigning his employment or being terminated" because of his "excessive absences." *Id.* ¶ 8. Mendez did not resign and was terminated. *Id.* His absences "were because of his diabetes and, accordingly, the County should have considered them as protected FMLA leave and/or as a reasonable accommodation under [TCHRA]." *Id.*

**B. Litigation**

Mendez asserts that the County: (1) discriminated against him because of his disability by refusing reasonable accommodations and terminating his employment, in violation of the TCHRA, TEX. LAB. CODE § 21.051; (2) interfered with his rights under FMLA by failing to notify him of his right to take FMLA leave, in violation of 29 U.S.C. § 2615(a)(1); and (3) retaliated against him by terminating his employment after he took FMLA leave, in violation of 29 U.S.C. § 2615(a)(2).

The County moves to dismiss Mendez's FMLA claims under Rule 12(b)(6) for failure to state a plausible claim for relief. Mendez seeks leave to amend his Complaint under Rule 15(a) to include additional facts about his FMLA claims.

## II. Legal Standards

**A. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), "the court accepts all well-pleaded facts as true and must consider those facts in the light most favorable to the plaintiff." *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018). A motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citation omitted). Dismissal is appropriate only if the complaint does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "To satisfy this standard, the complaint must provide more than conclusions, but it need not contain detailed factual allegations." *Turner*, 663 F.3d at 775 (citation omitted). Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the court may consider (1) the facts in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The court also may consider documents attached to the motion to dismiss if those documents are referred to in the complaint and central to the plaintiff's claims. *Id.*

**B. FMLA**

Under the FMLA, an eligible employee with a "serious health condition that makes the employee unable to perform the functions of the position of such employee" is entitled to up to twelve weeks of medical leave within a twelve-week period. 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is an "illness, injury, impairment or physical or mental condition that involves . . . continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Diabetes can be a "chronic serious health condition" under the FMLA. 29 C.F.R. § 825.114(a)(2)(iii)(C); *Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 579 (5th Cir. 2006); *Franklin v. Union Pac. R.R. Co.*, No. SA-17-CV-00020-OLG, 2018 WL 8576557, at *4 (W.D. Tex. May 15, 2018).

To protect an employee's rights granted by the FMLA, the statute prohibits an employer from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). "The failure to notify an employee of her

rights under the FMLA can constitute interference if it affects the employee's rights under the FMLA." *Burnette v. Rategenius Loan Servs.*, 2016 WL 3004671, at *2 (W.D. Tex. May 23, 2016), *aff'd*, 671 F. App'x 889 (5th Cir. 2016); *see also* 29 C.F.R. § 825.300(b)(1) ("When an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances."). A prima facie case of FMLA interference requires an employee to show that (1) he was an eligible employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and (5) his employer denied him the benefits to which he was entitled under the FMLA. *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017).

The FMLA also prohibits retaliation against those who exercise their FMLA rights. *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 527 (5th Cir. 2021). A prima facie showing of FMLA retaliation requires a plaintiff to show (1) he was protected under the FMLA; (2) he suffered an adverse employment action; and (3) the adverse decision was made because he sought protection under the FMLA. *Id.* To satisfy the causation prong, the employee must demonstrate that the employer knew about the employee's protected activity. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 434 (5th Cir. 2021).

Although Mendez need not plead a prima facie case of FMLA interference or retaliation at the motion to dismiss stage, he must "plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019).

## III. Analysis

The County argues that Mendez's FMLA retaliation and interference claims should be dismissed because his allegations "do not allow the Court to reasonably infer that Hays County was even aware that Mendez intended to exercise his rights under FMLA." Dkt. 6 at 1. In the alternative, the County argues that Mendez does not plausibly allege a FMLA retaliation claim by pleading a causal link between his protected activity and his termination.

### A. Notice Requirement

While an eligible employee has a right to take leave under the FMLA, "the employee must give his employer notice of his intention to take leave in order to be entitled to it." *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788-89 (5th Cir. 2017) (citing 29 U.S.C. § 2612(e)(1)). When the need for leave is foreseeable, the employee generally must provide the employer at least 30 days' notice before FMLA leave is to begin. 29 C.F.R. § 825.302(a). If 30 days' notice is not practicable, "notice must be given as soon as practicable." *Id.* "This ordinarily . . . mean[s] at least verbal notification to the employer within one or two business days of when the need for leave becomes known to the employee." *Id.* § 825.302(b). In all instances, "an employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances." *Id.* § 825.302(d).

An employee need not "expressly assert rights under the FMLA or even mention the FMLA but may only state that leave is needed." *Greenwell v. State Farm Mut. Auto. Ins. Co.*, 486 F.3d 840, 842 (5th Cir. 2007) (quoting 29 C.F.R. § 825.303(b)); *Cerda v. Blue Cube Operations, L.L.C.*, 95 F.4th 996, 1002 (5th Cir. 2024) ("When giving notice, an employee need not 'expressly invoke' the FMLA."). The employer will be expected to obtain any additional required information through informal means. *Greenwell*, 486 F.3d at 84. "The critical question is whether the information

imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Id.*

The County argues that Mendez's allegation "that he told his manager on one occasion in October 2023 that he would miss 'some work' due to medical testing" was insufficient to notify it of Mendez's intent to take FMLA leave. Dkt. 6 at 1 (citing Complaint ¶ 7). The County omits key words from the quoted sentence. Mendez alleges: "In October 2023, Mr. Mendez spoke with his manager and informed her that he would have to miss some work because of doctor appointments for various forms of testing to make a plan of action ***for treatment of his diabetes and neuropathy that had developed***." Dkt. 1 ¶ 7 (emphasis added).

The Court finds that this allegation is sufficient to plausibly allege that Mendez notified the County of his intent to take leave for "a serious health condition," which in turn triggered the County's duty to notify Mendez of his eligibility to take FMLA leave. *See* 29 C.F.R. § 825.302(c) (providing that an employee "need not expressly assert rights under the FMLA or even mention the FMLA"); *Mauder*, 446 F.3d at 579 (recognizing diabetes as a serious health condition); *see also Franklin*, 2018 WL 8576557, at *6 (finding a fact issue as to sufficient notice when plaintiff informed his supervisor that his absences "were for his own serious medical condition or the serious medical condition of his immediate family"); *Ceniseros v. PHPM Mission Care Centers-New Covenant, L.P.*, No. SA-15-CA-1064-FBH-JB, 2017 WL 1907766, at *4 (W.D. Tex. Mar. 31, 2017) (finding plaintiff's notice adequate when she informed her employer that her daughter suffered from a serious health condition and she needed to take off work to take her daughter to the endocrinologist), *R. & R. adopted*, 2017 WL 11068770 (W.D. Tex. June 6, 2017).

**B. Causation**

To allege a plausible FMLA retaliation claim, Mendez must allege sufficient facts to show a causal link between his protected activity and his termination. *Acker*, 853 F.3d at 790.

Mendez relies on temporal proximity to show causation. In the Fifth Circuit, "temporal proximity between protected activity and alleged retaliation is sometimes enough to establish causation at the prima facie stage." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948 (5th Cir. 2015). But the temporal proximity between the protected activity and the adverse action must be "very close." *Clark County School Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (finding a 20-month interval insufficient to show causation); *see also Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305 (5th Cir. 2020) (stating that a six-and-a-half-week interval is sufficiently close but a five-month interval is not close enough to establish causation).[2]

The County argues that Mendez cannot show close temporal proximity because "nearly four months elapsed between the time Mendez allegedly told his manager in October 2023 of his need to miss some work and his resignation from Hays County on February 8, 2024." Dkt. 6 at 4. But Mendez alleges that he was terminated after "requesting" ***and*** "taking leave" protected under the FMLA. Dkt. 1 ¶ 17. Mendez does not allege in his Complaint the specific dates he was absent, but alleges in his proposed Amended Complaint that: "In the week prior to his termination, Mr. Mendez used seven hours of 'leave without pay' for absences caused by his diabetes, including on February 6, 7, and 8." Dkt. 7-1 ¶ 9. The Court **GRANTS** Mendez's motion for leave to amend his Complaint to add these allegations. Dkt. 7 at 4.

[2] The Fifth Circuit has acknowledged that its opinions on temporal proximity are not always consistent. *See Porter*, 810 F.3d at 948-49 (stating that "this court has accepted a two-and-a-half-month gap as sufficiently close in one case and rejected nearly the same timeframe in another").

Because Mendez alleges that he took leave two days before his termination and on the day he was terminated, he alleges sufficient temporal proximity to state a plausible claim for FMLA retaliation. *See Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 305 (5th Cir. 2021) ("There is certainly 'temporal proximity' between [plaintiff's] termination and his FMLA leave, because [defendant] terminated him in the middle of his FMLA leave."); *Lyons*, 964 F.3d at 306 (finding that a one-week temporal proximity between filing grievance and termination was sufficient evidence of causality to establish a prima facie case of retaliation).

This Magistrate Judges finds that Mendez has alleged plausible FMLA interference and retaliation claims and recommends that the County's motion to dismiss be denied.

## IV. Order

Leave to amend should be "freely" given under Rule 15(a)(2). The Court finds that amendment is not futile and no substantial reason exists to deny leave. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). This Magistrate Judge **GRANTS** Plaintiff Miguel Mendez's Motion for Leave to Amend his Complaint (Dkt. 7) and orders the Clerk to file his amended complaint (Dkt. 7-1).

## V. Recommendation

This Magistrate Judge **RECOMMENDS** that the Honorable District Judge **DENY** Defendant Hays County's Rule 12(b)(6) Motion to Dismiss (Dkt. 6).

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after

the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1).

**SIGNED** on September 8, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE